**2013 UT App 46**

# THE UTAH COURT OF APPEALS

BETTY MUNOZ,

*Petitioner,*

*v.*

DEPARTMENT OF WORKFORCE SERVICES, WORKFORCE
APPEALS BOARD

*Respondent.*

Per Curiam Decision
No. 20121036-CA
Filed February 22, 2013

Original Proceeding in this Court

Betty Munoz, Petitioner Pro Se
Jaceson R. Maughan, Attorney for Respondent

Before JUDGES ORME, THORNE, and ROTH.

PER CURIAM:

¶1      Betty Munoz petitions for review of the Workforce Appeals
Board's (the Board) decision affirming the denial of unemployment
benefits based on a finding that Munoz was discharged for just
cause. We decline to disturb the Board's decision.

¶2      A claimant is ineligible for unemployment benefits if he or
she was discharged for just cause. *See* Utah Code Ann. § 35A-4-
405(2)(a) (LexisNexis 2011). The determination of whether an
employer had just cause to terminate an employee is a mixed
question of law and fact. *See Smith v. Workforce Appeals Bd.*, 2011 UT
App 68, ¶ 9, 252 P.3d 372. This court will reverse an administrative
agency's findings of fact "only if the findings are not supported by

substantial evidence." *Drake v. Industrial Comm'n*, 939 P.2d 177, 181 (Utah 1997). This court will uphold the Board's decision applying law to facts "so long as it is within the realm of reasonableness and rationality." *See Arrow Legal Solutions Grp., PC v. Workforce Servs.*, 2007 UT App 9, ¶ 6, 156 P.3d 830.

¶3     The Board had substantial evidence to support its determination that Munoz was discharged for just cause. Although Munoz asserts that she did not violate a safety policy, the evidence at the hearing before the administrative law judge supported the finding that she did, indeed, violate a safety policy. It was undisputed that Munoz had received a written warning for violating the same policy previously and that she was trained on the policy annually. Testimony showed that Munoz even trained other operators on the same machine and trained them that the lockout requirement applied to the entire machine, not just the top part.

¶4     Munoz also acknowledged that she reached into the machine while it was operating. Although she does not believe what she did was unsafe, the conduct clearly violated the lockout policy requiring a machine to be cut from the power source and locked before an employee may reach in to perform maintenance. Munoz's own testimony supported the additional evidence provided by the employer to establish that she was discharged for a safety policy violation after having received prior warnings about that same conduct. Overall, there was substantial evidence in the record to support the Board's finding that Munoz was discharged for just cause, and the Board's determination was rational and reasonable.

¶5     In sum, we decline to disturb the Board's decision.

––––––––––